

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
July 16, 2020 12:03

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 2032546

JEFFREY MCCARTY                           CV 20 934955

    vs.

OMNI SYSTEMS, INC.                        **Judge:** ROBERT C. MCCLELLAND

**Pages Filed:** 5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| JEFFREY MCCARTY )<br>3299 W. 94th St. )<br>Cleveland, OH 44102 )<br> )<br>     Plaintiff, )<br> )<br>v. )<br> )<br>OMNI SYSTEMS, INC. )<br>701 Beta Drive )<br>Mayfield Village, OH 44143 )<br> ) | <br><br><br><br><br><br><br><br><br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |
|      Defendant. ) | |

## COMPLAINT FOR UNPAID OVERTIME WAGES

Plaintiff Jeffrey McCarty ("Plaintiff") alleges as follows for his Complaint against Defendant OMNI Systems, Inc. ("Defendant"):

1. Plaintiff worked as a Press Operator and then later as a Lead Operator for Defendant from 2016 until about July 2020.

2. Plaintiff worked for Defendant at both its Richmond Heights and Mayfield, Ohio locations.

3. Plaintiff was a non-exempt, hourly employee at all times during his employment with Defendant.

4. Defendant's revenues exceed $500,000 per year.

5. Defendant is a corporation that does business in Cuyahoga County, Ohio.

6. Defendant is an enterprise engaging in interstate commerce.

7. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

8. This Court has personal jurisdiction over the parties to this action.

9. Venue is proper in Cuyahoga County, Ohio because Defendant conducted activity that gives rise to the claim for relief in Cuyahoga County, Ohio, Defendant has its principal place of business in Cuyahoga County, Ohio, and separately because Plaintiff's claim for relief arose at least in part in Cuyahoga County, Ohio.

10. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

11. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if he is successful on one or more of the claims set forth herein.

12. Defendant paid Plaintiff at a rate of $25 per hour from about March 2018 until about June 1, 2020.

13. Defendant paid Plaintiff at a rate of $23.50 per hour from about June 1, 2020 until the end of Plaintiff's employment, around July 1, 2020.

14. Starting in about March 2018, Plaintiff trained to become a Lead Operator.

15. In about May 2018, Defendant promoted Plaintiff to the position of Lead Operator.

16. Plaintiff was scheduled to work for Defendant every Monday through Friday.

17. From March 2018 through the end of Plaintiff's employment with Defendant, Plaintiff worked through his lunch break on nearly every single shift that he worked.

18. In addition, Plaintiff arrived *at least* fifteen minutes early to most of his shifts and performed work off of the clock, at the explicit direction of Defendant.

19. Plaintiff worked more than eight hours on nearly all of his shifts, because he worked through his lunch, where thirty minutes of time was automatically deducted each shift, and because he worked at least 15 minutes off of the clock during each shift.

20. Plaintiff worked more than 40 hours per workweek for Defendant nearly every week of his employment.

21. On numerous occasions, Plaintiff asked Defendant why he was not being compensated for the time that he was working through lunch.

22. Plaintiff also asked Defendant why he was not being compensated for the fifteen or more minutes that he worked (and was obligated to work) prior to the official start time of his shift.

23. In response, Defendant ignored the questions or told Plaintiff that it would "look into it."

24. Despite this, Defendant never paid Plaintiff for work that he performed during the automatically-deducted lunch break.

25. In about March 2020, Defendant changed its policy and had its Lead Operators, including Plaintiff, manually clock in and out for lunch (a practice that had not been employed until about March 2020).

26. The manual clocking in and out for lunch, however, only lasted about two weeks, ostensibly because COVID-19 concerns encouraged Defendant to stop its employees from clocking in and out for lunch because of Defendant's concern about a large number of employees all touching the same screen.

27. Instead, Defendant reverted back to the automatic lunch-period deduction that it had been employing, regardless of whether Lead Operators, including Plaintiff, worked through their lunches.

28. Plaintiff was a non-exempt hourly employee under the Fair Labor Standards Act.

29. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq.*

30. Defendant was Plaintiff's employer.

31. Plaintiff regularly worked over 40 hours per week for Defendant.

32. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime wages for all hours worked over a regular 40-hour workweek.

33. Defendant's conduct with regard to not paying overtime to Plaintiff was willful.

34. Plaintiff has been damaged by Defendant's nonpayment of overtime wages.

35. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

36. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant for his compensatory damages, unpaid overtime wages, liquidated damages, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

_Jeffrey McCoty_ agrees and consents to become a party plaintiff in this lawsuit.

_/s/ Jeff M._

**EXHIBIT A**